UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROLAND JACKSON, | ) |
| | ) |
| *Petitioner*, | ) Case Nos.     1:11-cr-17-CLC-SKL |
| | )                  1:12-cv-188-CLC-SKL |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Respondent*. | ) |
| | ) |

## MEMORANDUM AND ORDER

Petitioner Roland Jackson ("Petitioner"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (as amended, the "2255 Motion") (Court File No. 241). Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion (Court File No. 252). Although Petitioner obtained an extension of time to file a reply to the Government's response (Court File Nos. 253, 254), he did not file a reply. After careful review and for the reasons stated below, Petitioner's 2255 Motion is **DENIED**.

**I. BACKGROUND**

Petitioner, along with nine other co-conspirators, was charged in a ten-count indictment on February 23, 2011 (Court File No. 1). Petitioner was charged with, and signed a plea agreement to, a violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), a conspiracy to distribute more than 50 grams of "cocaine base ("crack")" (Court File Nos. 1, 112). Due to the retroactive application of the Fair Sentencing Act of 2010, Petitioner actually pleaded guilty to a conspiracy to distribute 50 grams or more of "cocaine base ("crack")", a violation of 21 U.S.C. §§ 846 and

841(a)(1), (b)(1)(B) (Court File Nos. 110, 112, 175). Because Petitioner had a prior felony drug conviction (Court File No. 100), he faced an enhanced mandatory minimum sentence of ten years' imprisonment. The Government filed a motion for downward departure pursuant to 18 U.S.S.G. § 3553(e) and U.S.S.G. § 5K1.1 due to Petitioner's substantial assistance (Court File No. 163), and Petitioner was sentenced to seventy-eight months' imprisonment (Court File No. 175). Petitioner did not file a direct appeal of his conviction or sentence.[1] On June 13, 2012, Petitioner filed his timely 2255 Motion.[2] Petitioner is currently scheduled for release in a few months.

## II. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors that constitute "fundamental defect[s] which inherently result[] in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962), *quoted in Reed v. Farley*, 512 U.S. 339, 348-49 (1994); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

---

[1] Petitioner suggests that his plea agreement contained provisions whereby he waived filing both a direct appeal and a § 2255 motion. Contrary to this suggestion, Petitioner's plea agreement contains no such waivers.

[2] As the United States does not dispute Petitioner's 2255 Motion and supporting memorandum were timely filed within the one-year statute of limitations, it is not necessary to address Petitioner's claim that his 2255 Motion is timely because he is "actually innocent."

2

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required.

## III. ANALYSIS

While difficult to discern, it appears Petitioner is claiming his counsel was constitutionally ineffective by: (1) not filing a motion to quash the indictment in light of *DePierre v. United States*, 131 S. Ct. 2225 (2011); (2) not seeking a laboratory report to determine the detectable quantity of drugs attributable to Petitioner; (3) not filing a motion to suppress evidence; (4) not filing a motion in limine to strike evidence obtained prior to trial; (5) not investigating possible defenses and potential defense witnesses; (6) not providing correct advice during plea negotiation; (7) not reviewing the Presentence Investigation Report ("PSR") with Petitioner; and (8) not filing objections to the PSR (Court File No. 252 at Page ID # 826).

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of

3

counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires the petitioner to show his attorney's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it noted that

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

Petitioner seeks relief under *DePierre v. United States*, 131 S. Ct. 2225 (2011), in which the Supreme Court held that "cocaine base" in the federal drug statute means not just crack cocaine, but also cocaine in its chemically basic form. *Id*. at 2231-32. Petitioner contends that counsel should have sought to quash the indictment against him because *DePierre* "shows [Petitioner] to be 'Actually Innocent' of a 'nonexistent offense.'" (Court File No. 244, at Page ID # 819). Petitioner was charged with conspiring to distribute "a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance" (Court File No. 1), and he pleaded guilty to conspiring to distribute "fifty grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance" (Court File No. 112). Thus, Petitioner was properly charged with and pleaded guilty to conspiring to distribute cocaine base ("crack"), and nothing about *DePierre* impacts that result.

Moreover, Petitioner's argument overlooks that in his plea agreement, he agreed that he was responsible for the distribution of over fifty grams of "cocaine base ("crack")" (Court File No. 112, at Page ID # 217). *See, e.g., United States v. Calloway*, 89 F. App'x 982, 984-85 (6th Cir. 2004) (defendant who stipulated to quantity of drugs in guilty plea waived the right to have a

5

jury determine guilt beyond a reasonable doubt on that element of the offense). Accordingly, Petitioner's counsel was not constitutionally ineffective in not challenging Petitioner's indictment. *See*, *e.g.*, *Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (indicating that attorneys are not ineffective for failing to raise meritless objections).

Petitioner also alleges he should not have received two criminal history points for one of his prior convictions, but he does not establish any facts which would support his claim that the two criminal history points were erroneously assessed. In any event, Petitioner has not demonstrated any prejudice because even without those two criminal history points, he would still have had a criminal history category of III and faced the same advisory guidelines range and, more importantly, statutory mandatory minimum. *See* PSR at ¶ 41 (calculating a total of six criminal history points); U.S.S.G. § 5A (establishing a criminal history category of III for defendants with four, five, or six criminal history points).

In addition, Petitioner asserts counsel was deficient because he should have obtained a laboratory report to determine the detectable quantity of drugs directly attributable to him. Even if such a report could have been obtained, the evidence against Petitioner included not only crack cocaine seized from him personally, but also numerous intercepted phone calls in which he arranged for the purchase of crack cocaine (Court File No. 112, at Page ID # 216-17). In his plea agreement, Petitioner admitted he was recorded in some 510 pertinent drug related telephone calls and that he was responsible for the distribution of over fifty grams of cocaine base ("crack") (Court File No. 112, at Page ID # 217). Thus, Petitioner can prove no prejudice as a result of his counsel's alleged failure to obtain a laboratory report.

Petitioner's remaining claims are difficult to both discern and comprehend. While a reply is not necessary, as Petitioner chose not to file a reply even after he requested time to do so,

6

Case 1:11-cr-00017-TRM-CHS   Document 283   Filed 07/09/15   Page 6 of 8   PageID #: 968

Petitioner had not challenged or refuted any of the Government's arguments or refined and explained his arguments. As a result, Petitioner's remaining claims appear to be a somewhat random collection of conclusory allegations unsupported by specific facts related to his case. For that reason alone it is proper to reject them. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Adams v. United States*, No. 1:10-cr-23, 2012 WL 5365092, at *1 (E.D. Tenn. Oct. 30, 2012) ("[A] motion consisting of mere legal conclusions unsupported by factual allegations is insufficient to warrant an evidentiary hearing or § 2255 relief."). It would be an inefficient use of limited judicial resources to further address these remaining claims under the circumstances. The Court is convinced that Petitioner's counsel was in no way deficient and Petitioner has failed to demonstrate any sufficient prejudice. Petitioner has failed to demonstrate ineffective assistance as to any single claim for relief; and thus, there is no error to cumulate. *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007). Based upon the foregoing, the Court finds Petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standards set forth in *Strickland*, and his claims for relief are **DENIED**.

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, Petitioner is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, reasonable jurists could not find the assessment of his claims debatable, and the issues presented

7

Case 1:11-cr-00017-TRM-CHS   Document 283   Filed 07/09/15   Page 7 of 8   PageID #: 969

are not adequate to deserve encouragement to proceed further, a certificate of appealability **SHALL NOT ISSUE**.

## IV. CONCLUSION

For the reasons stated above, the claims presented in the 2255 Motion lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and a hearing is unnecessary in this case. Accordingly, judgment shall be entered **DENYING** Petitioner's 2255 Motion (Court File No. 241).

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**